IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL NO. 199 WELFARE, PENSION, APPRENTICESHIP & TRAINING, VACATION, ANNUITY and LABORERS-EMPLOYERS COOPERATIVE EDUCATION TRUST FUNDS 650 Naamans Road Claymont, DE 19703 | : : : : : : : : : | CIVIL ACTION NO. 21-CV- |
| and | : : | |
| LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL NO. 199 308 Marcus Court Newark, DE 19713 | : : : : | |
| Plaintiffs | : : | |
| v. | : : : | |
| KIEWIT INFRASTRUCTURE 12720 I Street Omaha NE 68137 | : : : : | |
| Defendant | : | |

**COMPLAINT**

**JURISDICTION AND VENUE**

1. This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended, ("LMRA"), 29 U.S.C. § 185, to collect liquidated damages owed for late fringe benefit contributions.

2. This Court has jurisdiction over this matter pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1331 and 1337. Venue is appropriate pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

## PARTIES

3. The Plaintiffs, Laborers International Union of North America, Local No. 199 Welfare, Pension, Apprenticeship, Vacation, Apprenticeship, Training and Annuity, and Laborers-Employers Cooperative Education Trust Funds ("Funds"), are jointly-administered, multi-employer benefit funds within the meaning of Section 302 of the LMRA, 29 U.S.C. § 186, and Sections 3(3) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A) with the exception of the Laborers-Employers Cooperative Education Trust Fund ("LECET"). LECET is a jointly-administered, industry wide labor-management committee within the meaning of Section 302(c)(9) of the LMRA, 29 U.S.C. Section 186(c)(9). The Funds receive contributions from various construction contractors who are obligated to make contributions thereto by virtue of their having agreed to be bound by collective bargaining agreements with Plaintiff Laborers International Union of North America Local 199 ("Local 199") and by virtue of their agreed to be bound by the Agreements and Declarations of Trusts that establish the Funds. The Funds' offices are located at 650 Naamans Road, Claymont, Delaware 19703.

4. Plaintiff Local 199 is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5) and an employee organization within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4). Its principal place of business is 308 Marcus Court, Newark, Delaware 19713. Local 199 represents employees employed in the construction industry as laborers in the State of Delaware

5. Defendant, Kiewit Infrastructure ("Defendant") is a Nebraska corporation with a principal place of business at 1550 Mike Fahey Street, Omaha, Nebraska 68102. At all times relevant hereto, the Defendant has been an employer engaged in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 152(2) of the NLRA, 29 U.S.C. § 152(2). The Defendant is also an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## FACTUAL ALLEGATIONS

6. At all times relevant hereto, the Defendant has agreed to be bound by the terms of a collective bargaining agreement ("Agreement") with Local 199 which set forth, <u>inter alia</u>, the wages, hours and other terms and conditions of employment of laborers employed by the Defendant in the State of Delaware. Among the provisions contained in the Agreement are clauses that require Defendant to make timely contributions to the Funds on a monthly basis when members of Local 199 are employed by the Defendant, to transmit to the Funds union dues withheld from the wages of members of Local 199 employed by the Defendant, and to submit timely monthly contribution and dues report forms to the Funds' administrator.

7. "Timely" contributions and dues transmittals, as referred to under the terms of the Agreement and under the Agreements and Declarations of Trust establishing the Funds means that all employee benefit contributions and dues transmittals must be received by the Funds on or before the fifteenth day of the month following the month in which the benefits are earned.

8. Under the terms of the Agreement and the rules of the Funds, contribution and dues transmittal report forms, like the contributions and dues transmittals themselves, must be received no later than the fifteenth day of the month in which the hours were worked by members of Local 199. Under the Agreement and the Agreements and Declarations of Trust establishing the Funds, all reports received after the fifteenth of the month are subjected to a ten percent liquidated damages charge.

9. The Defendant employed individuals who performed work covered by the Agreement during the months of August through December 2020 but the transmittal of contributions and union dues was deficient in the amount of $7,440.20.

10. The Defendant employed individuals who performed work covered by the Agreement during the month of November, 2020 but did not make its contributions and dues transmittals in the amount of $48,310.65 until January 4, 2021.

## COUNT ONE

### BREACH OF COLLECTIVE BARGAINING AGREEMENT FOR NON-PAYMENT OF LIQUIDATED DAMAGES

11. Paragraphs 1 through 10 of the Complaint are re-alleged as if fully set forth herein.

12. Under the terms of the Agreement, Defendant was required to contribute to the Funds in an amount sum certain for every hour worked by its employees working under the Agreement and transmit union dues withheld from the wages of laborers employed by the Defendant in the State of Delaware in a "timely fashion" as that term is defined in Paragraph 7 of this Complaint.

13. At all times relevant to this action, specifically, the months of August through December 2020, the Defendant has employed individuals covered by the Agreement and was required, on behalf of these individuals, to make the timely employee benefit contributions, and transmit union dues withheld from the wages of said individuals, to the Funds.

14. Notwithstanding its contractual obligation to do so and despite having received demands that it meet its contractual obligations, the Defendant has failed, neglected, and refused to make timely benefit contributions and union dues transmittals to the Funds for the periods set forth in Paragraphs 9 and 10 of this Complaint and has been assessed $5,806.29 in liquidated damages but has failed to make such payment.

15. The Defendant's failure to pay liquidated damages in the amount of $5,806.29 to the Funds as a result of its failure to make timely contributions and union dues transmittals to the Funds for the periods set forth in Paragraphs 9 and 10 of this Complaint constitute a breach of the Agreement.

## COUNT TWO

### VIOLATION OF ERISA FOR FAILURE TO
### MAKE TIMELY CONTRIBUTIONS TO THE FUNDS

16. Paragraphs 1 through 15 of the Complaint are re-alleged as if fully set forth herein.

17. Section 515 of ERISA, as amended, 29 U.S.C. §1145, requires every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement to do so in accordance with the terms and conditions of the plan or agreement.

18. Section 502(g)(2) of ERISA, as amended, 29 U.S.C. §1132(g)(2) provides that in any action instituted for or on behalf of a multi-employer plan to enforce the payment of delinquent contributions, the court shall, if judgment is entered in favor of the plan, award the plan: (a) the unpaid contributions, plus (b) interest, plus (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in an amount not in excess of ten percent (10%), unless permitted under federal or state law, of the amount of the unpaid contributions, (d) additional liquidated damages plus (e) a reasonable attorney's fee and costs, plus (f) any other legal and equitable relief that the court deems appropriate.

19. The Defendant's failure to pay liquidated damages in the amount of $4,831.06 due to the Funds as a result of its failure to make timely contributions to the Fund for hours worked by individuals for the period set forth in Paragraphs 9 and 10 of this Complaint in accordance with the Agreement constitutes a violation of Section 515 of ERISA, 29 U.S.C. §1145.

## COUNT THREE

### BREACH OF COLLECTIVE BARGAINING AGREEMENT
### FOR PAYMENT OF UNION DUES

20. Paragraphs 1 through 19 of the Complaint are re-alleged as if fully set forth herein.

21. The Defendant failed to transmit $7,440.20 in union dues withheld from the wages of laborers employed by the Defendant in the State of Delaware during the months of August through December 2020.

22. The Defendant's failure to transmit $7,440.20 in union dues withheld from the wages of laborers employed by the Defendant in the State of Delaware during the months of August through December 2020 is a breach of the collective bargaining agreement.

WHEREFORE, the Plaintiffs pray that the following relief be granted against the Defendant:

(a) that judgment be entered against the Defendant and in favor of the Plaintiffs in the total amount of $13,246.49;

(b) that judgment be entered against the Defendant and in favor of the Plaintiffs for interest, costs, and reasonable attorneys' fees as provided for by the Agreement and ERISA;

(c) that judgment be entered against the Defendant and in favor of the Plaintiffs for any additional contributions found owing by the Defendants to the Funds during the pendency of this litigation;

(d) that an Order being entered against the Defendant requiring the Defendant to make all future contributions in a timely fashion in accordance with the terms of the Agreement and ERISA; and

(e) grant such other legal and equitable relief as this Court deems appropriate or to which Plaintiffs are entitled.

Respectfully submitted,

**MARKOWITZ & RICHMAN**

*/s/ Claiborne S Newlin*
Claiborne S. Newlin, Esquire
Delaware ID No. 4745
Legal Arts Building
1225 King Street, Suite 804
Wilmington, DE  19801
Tel: (302) 656-2308
Fax: (215) 790-0668

Dated: November 17, 2021

Of Counsel:

Jonathan Walters, Esquire
MARKOWITZ & RICHMAN
123 S. Broad Street, Suite 2020
Philadelphia, PA 19109
Tel: (215) 875-3121
Fax: (215) 790-0668
jwalters@markowitzandrichman.com
Attorneys for Plaintiffs